IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: 21-11409 |
| RENE LIVEST, | ADVERSARY PROCEEDING NO. 21-1039 |
| DEBTOR, | CHAPTER 7 |
| | JUDGE JESSICA PRICE SMITH |
| RENE LIVEST, | |
| PLAINTIFF, | <u>ANSWER OF THE UNITED STATES OF AMERICA, ON BEHALF OF THE U.S. DEPARTMENT OF EDUCATION</u> |
| V. | |
| UNITED STATES DEPARTMENT OF EDUCATION, ET AL., | |
| DEFENDANTS. | |

NOW COMES the Defendant, the United States of America, on behalf of its agency, the U.S. Department of Education ("Education" or "Defendant"), by and through its attorney, Michelle M. Baeppler, Acting United States Attorney for the Northern District of Ohio, through Renée A. Bacchus, Assistant U.S. Attorney, and for its answer to the Complaint (the "Complaint") (Doc. No. 1) filed by Debtor/Plaintiff Rene LiVest states as follows:

1. Education is without sufficient knowledge or information to admits or deny the allegations contained in paragraph 1 of Plaintiff's Complaint, and for purposes of demanding strict proof, denies same.

2. Education denies the allegations contained in paragraph 2 of Plaintiff's Complaint. Further, Education states that "Education Department" is not a governmental entity.

3. Education admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Paragraph four of the Complaint is a jurisdictional statement to which no response is required. To the extent that a response is required, Defendant admits paragraph four.

5. Paragraph five of the Complaint is a jurisdictional statement to which no response is required. To the extent that a response is required, Defendant admits paragraph five.

6. Paragraph six of the Complaint is a jurisdictional statement to which no response is required. To the extent that a response is required, Defendant admits paragraph six.

7. Education is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 7 of Plaintiff's Complaint and for purposes of demanding strict proof, denies same.

8. Education is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph eight of Plaintiff's Complaint, and for purposes of demanding strict proof, denies same.

9. Education states that the allegations in paragraph nine are plaintiff's interpretation of the evolution of bankruptcy case law to which no response is required. To the extent that a response is required, Education denies same.

10. Education states that the allegations in paragraph ten are plaintiff's interpretation of the evolution of bankruptcy case law to which no response is required. To the extent that a response is required, Education denies same.

11. Education states that the allegations in paragraph eleven are plaintiff's interpretation of the evolution of bankruptcy case law to which no response is required. To the extent that a response is required, Education denies same. In responding to the factual allegations set forth in paragraph eleven regarding Plaintiff's circumstances, Education lacks sufficient knowledge or information to form a belief as to the truth of the allegations and for purposes of demanding strict proof denies same.

12. Education admits only that Plaintiff incurred student loan debt in furtherance of pursuing higher education and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint, and therefore, denies same.

13. Education lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and therefore, denies same.

14. Education denies the allegations set forth in paragraph 14 of the Complaint. Education further states that Plaintiff's current student loan balance is unpaid principal in the amount of $75,360.12, and $5,772.05 in accrued interest for a total amount of $81,249.17.

15. Education denies the allegations set forth in paragraph 15 of the Complaint. Education further states that prior to the implementation of the CARES Act and its extension which suspended student loan payments until May 1, 2022, Plaintiff recertified for Pay As You Earn (PAYE). Under PAYE Plaintiff's monthly payment was calculated as $0. That payment schedule was set to begin May 3, 2020.

16. Education denies the allegations set forth in paragraph 16 of the Complaint. As stated in paragraph 15, under the PAYE Program, Plaintiff was not required to make monthly payments.

17. Education denies the allegations set forth in paragraph seventeen of the Complaint.

17 (2nd). Education incorporates its answers set forth in paragraphs one through 17 as if fully rewritten herein.

18. Education denies the allegations set forth in paragraph 18 of the Complaint.

19. Education denies the allegations set forth in paragraph 19 of the Complaint.

20. The allegations set forth in paragraph 20 is Plaintiff's prayer for relief. Education denies Plaintiff is entitled to any relief.

21. Education denies any allegation not specifically admitted or denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Education reserves the right to assert additional and/or different defenses as the action progresses.

Education consents to entry of final orders or judgment by the Bankruptcy Court. Fed. R. Bankr. P. 7012(b).

WHEREFORE the United States, on behalf of Education, prays that the Plaintiff's student loan liabilities be held non-dischargeable.

    Respectfully submitted,

    MICHELLE M. BAEPPLER
    Acting United States Attorney

By:  /s/ Renée A. Bacchus
    Renée A. Bacchus (0063676)
    Assistant United States Attorney
    United States Court House
    801 West Superior Avenue, Suite 400
    Cleveland, OH 44113
    (216) 622-3707
    (216) 522-4982 (facsimile)
    Renee.bacchus@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that, on **February 22, 2022,** a true and correct copy of the foregoing *ANSWER OF THE UNITED STATES OF AMERICA, ON BEHALF OF THE U.S. DEPARTMENT OF EDUCATION, TO PLAINTIFF'S COMPLAINT* was served:

Via the court's Electronic Case Filing System on the U.S. Trustee and these entities and individuals who are listed on the court's Electronic Mail Notice List:

Michael Shaut, on behalf of Plaintiff Rene LiVest, at mikes@shautlaw.com
Renee Bacchus on behalf of Defendant U.S. Department of Education at renee.bacchus@usdoj.gov

I further certify that, on February 22, 2022 or on the next business day thereafter, a copy of the foregoing *ANSWER OF THE UNITED STATES OF AMERICA, ON BEHALF OF THE U.S. DEPARTMENT OF EDUCATION, TO PLAINTIFF'S COMPLAINT* was served by regular U.S. mail, postage prepaid, on:

None

                                                   By:    /s/ Renée A. Bacchus
                                                                        Renée A. Bacchus (0063676)
                                                                        Assistant United States Attorney